UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2007 NOV 16   P 2: 24

SIGN
BY DEPUTY CLERK

DENNIS WEIDUS

VERSUS

FIRST FLEET, INC., UNITED STATES
FIDELITY AND GUARANTY COMPANY,
JAYCEE HOWARD, JR., BRITTNEY ALBIN
and ALLSTATE INSURANCE COMPANY

CIVIL ACTION

NO. O7-547-A

## RULING ON MOTION TO REMAND

This matter is before the court on a motion to remand by plaintiff, Dennis
Weidus (doc. 5).  Defendants, First Fleet, Inc. ("First Fleet") and United States
Fidelity and Guaranty Company ("USF&G"), oppose the motion (doc. 11).  Plaintiff
and defendants have filed memoranda (docs. 6, 11) and supplemental memoranda
(docs. 13, 15).  Diversity jurisdiction is alleged under 28 U.S.C. § 1323.

## FACTS AND PROCEDURAL HISTORY

On December 21, 2006, plaintiff filed suit in the Twenty-First Judicial District,
Parish of Livingston, naming First Fleet, USF&G, Jaycee Howard, Brittney Albin and
Allstate Insurance Company as defendants (doc. 1, Ex. 1, p. 2).  Plaintiff alleges
that, on March 14, 2006, his vehicle was rear-ended by an eighteen-wheeler owned
by First Fleet and driven by defendant, Jaycee Howard, who was acting in the
course and scope of his employment with First Fleet.  The collision propelled

1

plaintiff's vehicle into the rear of the vehicle operated by defendant, Brittney Albin.[1] (Doc. 1, Ex. 1, p. 3).

Plaintiff contends inter alia that, Howard was negligent in following too closely and failing to maintain control of his vehicle.  The petition also alleges that Albin executed an abrupt stopping maneuver just prior to the collisions and comparative fault should be assessed against her to the extent that this maneuver created a sudden emergency.  (Doc. 1, Ex. 1, p. 3).

On August 2, 2007, defendants removed this action to federal court, contending that plaintiff fraudulently joined Albin solely in order to defeat diversity jurisdiction (doc. 1, p. 6).  Plaintiff filed the motion to remand on August 31, 2007, alleging that the removal was untimely and diversity jurisdiction is lacking (doc. 5).

## LAW AND DISCUSSION

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen V. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).  For a district court of the United States to exercise jurisdiction based on the diversity statute, 28 U.S.C. §

---

[1]Plaintiff joined Allstate Insurance Company and USF&G based on one or more motor vehicle liability policies that he alleges were in effect at the time of the accident and issued in favor of Albin and First Fleet, respectively (doc. 1, Ex. 1, pp. 3-4).

1332, all defendants must be diverse from the plaintiff.  *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

Removal is proper in any civil action brought in a state court if the district courts of the United States have original jurisdiction.  28 U.S.C. 1441(a).  The pertinent portions of 28 U.S.C. § 1446(b) provide:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Since this action was commenced in state court on December 21, 2006 and it was not removed to this court until August 2, 2007, defendants contend the initial action was not removable and did not become so until the deposition of plaintiff was taken on July 12, 2007.

Defendants contend that the July 12, 2007 deposition of Weidus demonstrated that he had no viable cause of action against Albin and that she was fraudulently joined in the lawsuit.  Defendants, therefore, claim that the August 2, 2007 removal was timely under the second paragraph of 28 U.S.C. § 1446(b).  (Doc. 11, p. 5).

When a plaintiff moves for remand of a case that was removed to federal court upon a claim of fraudulent joinder, the motion will be denied only upon: 1) a showing of actual fraud in the pleading of jurisdictional facts, or 2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). If neither party contends that there was actual fraud in the pleading of jurisdictional facts, the defendant must demonstrate that there is "no reasonable basis" for predicting that the plaintiff will recover in state court.[2]  *Id*.  The court must resolve all disputed questions of fact and state law in favor of the plaintiff and may consider "summary judgment-type evidence to determine whether the plaintiff truly has a possibility of recovery in state court."  *Id*.

Plaintiff's petition states that his claim against Albin involves allocation of comparative fault based upon her execution of an abrupt stopping maneuver just prior to the accident (doc. 1, Ex. 1, p. 7).  In his affidavit of August 31, 2007, plaintiff stated, "I was following a vehicle operated by Brittney Albin, who made a sudden evasive stopping maneuver whereby she abruptly slowed her vehicle and pulled it

---

[2]Plaintiff contends that the appropriate test involves a determination of whether there exists "no possibility" that the plaintiff will be able to establish a cause of action against the non-diverse defendant (doc. 13 p. 2).  The court in *Gray*, however, stated that "[t]hough our earlier fraudulent joinder cases had been uncertain as to whether a removing defendant must demonstrate an absence of *any possibility* of recovery in state court, we clarified in *Travis* that the defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court."  390 F. 3d 400 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

to the left shoulder of Interstate 12 in order to avoid striking traffic in front of her"
(doc. 6, Ex. C).  In his deposition, Weidus stated that Albin drove off of the road bed
of the interstate and onto the neutral ground (doc. 15, Ex. A, p. 97).

Defendants note that Weidus's affidavit (doc. 6, Ex. C) contradicts some of the
deposition testimony upon which their claim of fraudulent joinder is based, but they
argue that deposition testimony is presumed to be inherently more reliable than an
affidavit (doc. 11, p. 14).  Defendants also note that, under Louisiana law, the
following motorist in a rear-end collision is presumed to be at fault (doc. 11, p. 11
(citing *Taylor v. Voigtlander*, 833 So.2d 1204 (La.App. 2 Cir., 2002); *Wheelis v. CGU
Ins.*, 803 So.2d 365 (La.App. 2 Cir. 2001)).  Essentially, defendants would have this
court make a merits determination in order to establish federal jurisdiction.

The legal presumptions mentioned by defendants are rebuttable.  The court
in *Taylor* stated that a following motorist may avoid liability "by proving that the driver
of the lead vehicle negligently created a hazard which he could not reasonably
avoid." 833 So.2d at 1206.  The court in *Wheelis* also noted that a following driver
who collided with a preceding vehicle may exculpate himself upon a showing "that
the lead driver negligently created a hazard which the following vehicle could not
reasonably avoid." 803 So.2d at 369.  There are credibility issues that will have to
be determined by the trier of fact.  Therefore, the cases cited by defendants
demonstrate that, under Louisiana law, a lead driver may act negligently to create
a hazard which a following driver cannot reasonably avoid.

The facts available to the court at this point are understandably limited, but raise the possibility that Albin could have negligently contributed to the collision and subsequent damages.  After reviewing the parties' arguments and submissions in the light most favorable to the plaintiff and drawing all reasonable inferences in his favor, the court concludes that defendants have failed to demonstrate that the plaintiff has no reasonable basis for recovery against Albin.  Therefore, diversity of citizenship is lacking in this case.

## CONCLUSION

Accordingly, the motion by plaintiff, Dennis Weidus, to remand (doc. 5), is hereby **GRANTED**, and this action shall be remanded to the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

Baton Rouge, Louisiana, November 16, 2007.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA